HODGES, Circuit Judge
(dissenting).
I must respectfully dissent because the compact majority opinion, I am convinced, sacrifices practicality and desideratum for conciseness and substitutes a doubtful administrative solution for sound judicial pronouncement.
After tersely ruling that the fees of petitioner “shall be paid” by the County Commissioners, as specified in Sections 142.10 and 142.12, F.S.A., the opinion holds that a rejection by the commissioners “of any part of the fee” may activate a suit by the petitioner against the county under Section 142.13, F.S.A. (Italics added)
First of all, no practical or legal fulfillment appears to be accomplished by providing for additional litigation to afford judicial determination by some other courl on the allowance and amount of the petitioner’s fee where the allowance and reasonableness of the fee have already been determined by the court for which the services were performed.
Secondly, it appears to be universally accepted that courts should and do have inherent power to do all things reasonably necessary for the administration of justice within the scope of their jurisdictions to function properly as courts.
The administration of criminal justice could not' proceed effectively absent the power of the court to appoint counsel, and the function of the court, in our advanced times, would be frustrated if the right to provide reasonable compensation for such counsel were subjected to the varying desires of political governing boards, even though all might attempt to scrupulously follow the criteria, including that in Luke 10:07, suggested in the majority opinion.
One cannot overlook the genuine persuasion of the minority holdings of our American courts which postulate reasoning implicit in the effective administration of law by the courts in adopting the theory that where a court has legal authority to appoint counsel to perform services, the existence and exercise of the power of appointment necessarily include a further and inherent and incidental power to allow such counsel reasonable compensation for services rendered under the appointment. To say that a court has power to name and-authorize an attorney to prosecute a criminal case before the court and at the same time destroy or ignore the implied power to order that he be reasonably compensated for his services now seems to be illogical and unsound.
That portion of the thoughtful dissenting opinion in this case which points up the historical fact that the quoted sections of Chapter 142, F.S.A., have no bearing here should not be contradicted. But with full recognition of and deference to the prominence of Mr. Justice Drew’s well deserved judicial status, I believe his conclusion that the fees involved are not allowable in the absence of specific statutory authority is perhaps pinned, by analogy, to the view held by a numerical majority of courts in the nation that attorneys’ fees for indigent defendants are not so allowable. This view is, in the opinion of many authorities, anachronous and should be discarded as an outworn idea belonging to another era. It does not appear to be congenial with our contemporary institutions and conceptions of equality and criminal justice.
Mr. Justice Drew’s observation that this case presents an area in which legislation *869 is badly needed cannot be gainsaid and a more commodious majority opinion could be written, even though some dicta might be required, placing the other branches of government and the legislature on the qui vive for gaps that might be filled by thoughtful legislation in regard to some of the related questions posed in this case. It is presumed that all trial courts would follow the obiter of this court in default of precise constraint.
For instance, the expense of the defense of indigents, which is burgeoning in all directions, is an insistent problem which should be submitted to serious legislative attention. Opportunity should be afforded to determine where the growing burden will fall under existing statutes and those which may come later with the demand for public assistance to defendants in minor offenses, juvenile delinquency and other matters. In the area of post-conviction proceedings alone, under Rule 1.850, Florida Rules of Criminal Procedure, 33 F.S.A., the costs and expenses in our metropolitan counties are approaching large proportions. Presently no specific authority or direction, by statute or rule, exists for the payment of these costs and expenses, including attorneys’ fees, although in some instances public defenders are rendering services for the defendant in such proceedings. In the others, the courts are presently ordering payment under the inherent power theory acknowledged in this dissent.
It appears that there is ample legislative and constitutional authority to support a holding that the fees in this case be paid from the county fine and forfeiture fund.
I would suggest, therefore, that the Criminal Court of Dade County, having the requisite power and authority to appoint an acting state attorney to prosecute cases before it, also had jurisdiction and lawful authority, under the facts of this case and existing general statutory and constitutional provisions to order that the costs of said cases, including prosecuting counsel fees, be paid by Dade County from its fine and forfeiture fund.